IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DARREN L. REAGAN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | No. 3:21-cv-00507-M (BT) |
| | § | |
| MERRILL WELLS, et al., | § | |
|     Respondents. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Darren L. Reagan, a federal prisoner, has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. The District Court referred the petition to the United States magistrate judge pursuant to 28 U.S.C. § 636(b) and a standing order of reference. For the following reasons, the District Court should DISMISS the petition, or in the alternative, DENY it.

I.

Reagan initiated this civil action on March 4, 2021, by filing a 16-page handwritten pleading, which the Court liberally construed as a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2241. *See Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam) ("[W]e liberally construe briefs of *pro se* litigants and apply less stringent standards to parties proceeding *pro se* than to parties represented by counsel[.]") (footnote omitted). On March 8, the Court sent Reagan a notice of deficiency, which informed him that his petition did not conform to the requirements of Federal Rule of Civil Procedure 8(a) and that he must pay the

1

filing fee or file a motion to proceed *in forma pauperis*. Ord. (ECF No. 4). The Court warned Reagan that failure to cure these deficiencies within 30 days could result in a recommendation that his petition be dismissed for failure to prosecute. On March 8, 12, and 15, Reagan submitted additional materials to the Court, including a motion for a hearing, which the Court denied. *See* Mots. (ECF No. 5, 7, 8). The Order denying the motion for a hearing reminded Reagan that he must cure the previously-identified deficiencies before his case can proceed. *See* Ord. (ECF No. 6). The Clerk of Court mailed Reagan a copy of the order denying his motion for a hearing. On March 29 and April 1, Reagan's mail was returned to the Court marked "REFUSED. UNABLE TO FORWARD." (ECF Nos. 9, 10.)

Under the circumstances, the Court should dismiss Reagan's case without prejudice under Federal Rule of Civil Procedure 41(b). Rule 41(b) allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash, R.R. Co.*, 370 U.S. 626 (1962)).

2

This litigation cannot proceed because the Court has no means to communicate with Reagan. On March 8, 2021, the Court mailed Reagan a notice of deficiency, which ordered him to pay the filing fee or request leave to proceed *in forma pauperis* and to file his claims on an approved form. The Court mailed the notice of deficiency to Regan at FCI Seagoville—the only address the Court has for Reagan. But that mail and the Court's March 12, 2021 Order denying Reagan's motion for a hearing were returned to the Court marked "REFUSED. UNABLE TO FORWARD." And Reagan has failed to provide the Court with any other address, so the Court is unable to communicate with him and advise him of the requirement to cure several identified deficiencies. By failing to provide the Court with a current address, Reagan has failed to prosecute his lawsuit. Accordingly, the Court should dismiss Reagan's civil action without prejudice under Rule 41(b).

II.

In the alternative, the Court should deny Reagan's petition on the merits. Reagan does not specify the legal basis upon which he seeks relief. But if a federal prisoner challenges the fact or duration of his confinement and does not challenge his original conviction or sentence, then § 2241 applies. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (per curiam) (comparing § 2241 with 28 U.S.C. § 2255); *see also Rodriquez v. Director*, 2021 WL 291458, at *1 n.1 (N.D. Tex. Jan. 27, 2021). Section 2241 authorizes a writ of habeas corpus when a prisoner can show he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3); *Rodriquez*, 2021 WL 291458, at *1. Because

3

Reagan is a federal prisoner apparently seeking early release from confinement under the Elderly Offender Home Detention Program (EOHDP), § 2241 applies.

It is difficult to discern all of Reagan's arguments. However, in his prayer for relief, he requests the following: (1) to be restored or reinstated back into the "Elderly Offender 'H.C.' Pilot Program"; (2) the defendants be strictly admonished and prohibited from further actions of retaliation, intimidation, threats, and interference with civil matters; (3) a third-party independent investigator be brought into this matter; and (4) any other relief as necessary. Pet. 15-16 (ECF No. 3). With respect to Reagan's claim under the "Elderly Offender 'H.C.' Pilot Program," he seeks to be released from prison and returned to his residence in DeSoto, Texas. *Id.* 15.

The Court construes Reagan's request to be a request for release to home confinement under the EOHDP. Under 34 U.S.C. § 60541(g), the First Step Act of 2018 re-established and expanded a pilot program under the Second Chance Act to move elderly and terminally ill inmates into home confinement. *United States v. Williams*, 2020 WL 3078599, at *1 (E.D. Tex. June 9, 2020) (citing § 60541(g)(1)(A)). Section 60541 provides that the Attorney General "shall conduct a pilot program to determine the effectiveness of removing eligible elderly offenders and eligible terminally ill offenders from [Bureau of Prisons (BOP)] facilities and placing such offenders on home detention until the expiration of the prison term to which the offender was sentenced." 34 U.S.C. § 60541(g)(1)(A); *see also Melot v. Bergami*, 970 F.3d 596, 597 n.1 (5th Cir. 2020) (citing 34 U.S.C. §

4

60541(g) and noting that it authorizes the Attorney General to conduct a pilot program during fiscal years 2019 through 2023). Further, under § 60541, "the Attorney General *may release* some or all eligible elderly offenders and eligible terminally ill offenders from [BOP] facilities to home detention, upon written request from either the [BOP] or an eligible elderly offender or eligible terminally ill offender." *Id.* § 60541(g)(1)(B) (emphasis added). To qualify for the pilot program, an elderly offender must (1) be "not less than 60 years of age"; (2) be serving a term of imprisonment, but not life imprisonment, based on a conviction for an offense that does not include a crime of violence, a sex offense, acts of terrorism, or have a prior history of committing such offenses; (3) have served 2/3 of his original term of imprisonment; (4) have not escaped, or attempted to escape, from a BOP facility; (5) show that the BOP will save money through his home detention; and (6) show the BOP has determined that he will "be at no substantial risk of engaging in criminal conduct or of endangering any person or the public if released to home detention." *Id.* § 60541(g)(5)(A). An eligible terminally ill offender must meet the criterion (1) through (6) above, and he must also have been determined by a BOP-approved medical doctor to be "(l) in need of care at a nursing home, intermediate care facility, or assisted living facility . . . (ll) diagnosed with a terminal illness." *Id.* § 60541(g)(5)(D).

Here, Reagan has not demonstrated that he meets the requirements for early release to home confinement under the EOHDP. Moreover, even if he had done so,

5

> [section 60541] does not give authority to the federal courts to place an offender in the [EOHDP]; that authority is given to the Attorney General. Moreover, the Attorney General is not required to place eligible offenders in the [EOHDP], but "may release some or all" of them for participation in the [EOHDP]. Consequently, we conclude that Congress has vested the executive branch, not the judicial branch, with the power to decide which prisoners may participate in the [EOHDP].

*Melot*, 970 F.3d at 599-600 (footnote omitted); *see also United States v. Hodges*, 2020 WL 7047304, at *7 (E.D. Tex. Nov. 30, 2020). The Fifth Circuit's holding in *Melot*, as quoted above, is consistent with 18 U.S.C. § 3621(b), which provides that the BOP has the authority and discretion to designate the place where a convicted offender will be confined. *Melot*, 970 F.3d at 600 n. 13; *see also McKune v. Lile*, 536 U.S. 24, 39 (2002) ("It is well settled that the decision where to house inmates is at the core of prison administrators' expertise."); *Moore v. U.S. Atty. Gen.*, 473 F.2d 1375, 1376 (5th Cir. 1973) (per curiam) ("A person convicted of a crime against the United States and sentenced to confinement is committed by statute to the custody of the Attorney General at a place to be designated solely by the Attorney General."). In sum, this Court lacks the authority to order the BOP to place Reagan on home confinement, and his motion should therefore be denied.

### III.

Finally, to the extent that Reagan's claims can be liberally construed as civil claims arising under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), Reagan cannot prosecute these

claims unless he first pays the $402 civil filing fee because he previously received three "strikes" under 28 U.S.C. § 1915(g).

The "three strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), precludes a prisoner from bringing a civil action *in forma pauperis* if on three or more prior occasions, while confined as a prisoner, he filed civil actions or appeals that were dismissed as frivolous, malicious, or for failure to state a claim. *See Jackson v. Johnson*, 475 F.3d 261, 265 (5th Cir. 2017). Section 1915(g) "comports with the PLRA's effort 'to filter out the bad claims filed by prisoners and facilitate consideration of the good.'" *Brown v. Meg*, 857 F.3d 287, 291 (5th Cir. 2017) (quoting *Coleman v. Tollefson*, 575 U.S. 532 (2015)).

Before filing this petition, and while he was incarcerated as a prisoner, Reagan filed at least three civil cases that were dismissed as frivolous or for failure to state a claim under 28 U.S.C. § 1915(e). *See Reagan v. Brown, et al.*, Case No. 3:18-cv-877 (N.D. Tex. June 8, 2020) (dismissed as frivolous and for failure to state a claim)*; Reagan v. Burns, et al.*, Case No. 3:16-cv-2590 (N.D. Tex. Dec. 10, 2019) (dismissed as frivolous and for failure to state a claim); *Reagan v. United States of America, et al.*, Case No. 3:18-cv-433 (N.D. Tex. July 2, 2019) (dismissed as frivolous and for failure to state a claim).

Reagan could avoid the civil filing fee if he could meet the exception to § 1915(g) by showing that he was in imminent danger of serious physical harm at the time his petition was filed. *See Banos v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). However, he does not allege that he was in imminent danger of

serious physical injury at the time he filed his petition. Reagan is therefore barred from proceeding *in forma pauperis* under § 1915(g).

IV.

The Court should DISMISS Reagan's petition, or in the alternative, DENY it.

Signed April 8, 2021.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).